IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-685-BO

CEBRENA PARKS o/b/o M.L.G., a minor, )
        Plaintiff, )
         )
v. )     O R D E R
         )
MARTIN O'MALLEY, Commissioner of )
Social Security, )
        Defendant. )

Plaintiff brings this action for review of the final decision of the Commissioner denying M.L.G's claim for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act. Defendant, the Commissioner, has moved to remand the matter under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. [DE 15]. Plaintiff has not consented to the motion to remand. A hearing on the matters was held before the undersigned on September 30, 2024, at Raleigh, North Carolina. For the reasons discussed both at the hearing and below, the motion to remand is denied and the decision of the Commissioner is reversed.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

In assessing a childhood SSI claim, an ALJ engages in a three-step sequential evaluation as provided in 20 C.F.R. § 416.924. The ALJ decides first whether the claimant is engaging in substantial gainful activity, second whether the claimant has any severe impairments, and third whether the claimant has any impairment or combination of impairments which medically equals or functionally equals one of the listed impairments (Listings). *Id.* In determining whether a claimant has an impairment or combination of impairments which functionally equals the Listings, an ALJ considers the claimant's functioning in six domains: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a.

Here, the ALJ wholly failed to consider Listing 112.10 for autism spectrum disorder, despite having found autism spectrum disorder to be one of M.L.G.'s severe impairments. *See* 20 C.F.R. § 404, Subpart P, App. 1, Listing 112.10. M.L.G.'s autism spectrum disorder results in marked limitations in multiple areas of functioning, to include concentrating, persisting, or maintaining pace and adapting or managing oneself, in addition to acquiring and using information as found by the ALJ. *See, e.g.,* Tr. 317-324 (identifying "very serious" problems in working at a reasonable pace and serious problems in expressing anger, responding appropriately to changes in mood, and using coping skills to meet demands of a school environment). Because the record clearly supports that M.L.G. meets or equals the criteria for Listing 112.10, remand would serve no purpose and reversal for an award of benefits is well-supported in this case. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020).

## CONCLUSION

Accordingly, the decision of the Commissioner is REVERSED. The Commissioner's motion to remand [DE 15] is DENIED. This matter is REMANDED for an award of benefits.

The clerk is DIRECTED to enter judgment in plaintiff's favor and close the case.

SO ORDERED, this 2 day of October 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3